IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HENRY HAYES,

    Plaintiff,                           No. CIV S-07-0721 FCD GGH P

    vs.

TOM FELKER, et al.,

    Defendants.                    FINDINGS AND RECOMMENDATIONS

_____/

Introduction

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss, filed on 1/28/08, to which plaintiff filed his opposition on 2/14/08.

Complaint

        Plaintiff names as defendants High Desert State Prison (HDSP) Warden Tom Felker and Correctional Counselor B. Tilford. Plaintiff alleges that he filed a civil case in Los Angeles Superior Court on 9/8/06. A case management conference in that case was set for 1/08/07, which was continued until 1/25/07. On 1/10/07, Judge William Highberger issued an order for plaintiff to participate in the upcoming hearing by telephone via court call services. Plaintiff sent an inmate request for interview on 1/17/07 to defendant Tilford to obtain assistance

1

in order to connect with the court via court call services.  Complaint, p. 3, Exhibits A and B.

Defendant did not respond to either the court order or the inmate request until 1/31/07, after plaintiff had sent a 602 inmate grievance.  Id., Exh. C.  Defendant Tilford signed and dated the inmate request for interview on 1/22/07, three days before the scheduled hearing in the state court civil litigation, but failed to provide the requested information until 1/31/07, after the set hearing date of 1/25/07, causing plaintiff injury.  Complaint, p. 3.  Plaintiff states that the court's ruling in the case, identified as BC 358872 in Exh. D, stated "no appearance was made on behalf of plaintiff [in] pro per["],[1] at the 1/25/07 hearing, averring that the court's order demonstrates that plaintiff would participate.  Id. at 4.  Plaintiff claims that his First (access to court), Sixth (right to act as his own counsel), and Fourteenth Amendment (due process and equal protection) rights have been violated, and seeks money damages, as well as a form of injunctive relief, regarding requiring defendant Felker to train employees regarding prisoners' right to access the courts.  Id. at 4-5.

As for plaintiff's Exh. B, an unauthenticated copy of a Los Angeles County Superior Court order by Judge Highberger, dated 1/10/07, in denying plaintiff's request to appear in person in court on 1/25/07, due to the civil courts lack of budget "to cover the substantial expense" of transporting plaintiff from prison, particularly from northeastern California, and because plaintiff was in the state Dept. of Corrections' custody, not the Los Angeles County sheriff, there would be no point in issuing an order to the sheriff.  Plaintiff was informed that he "will not be sanctioned for his failure to appear in person on January 25, 2007," due to his incarceration and suggested that plaintiff "may wish to use the services of Court Call to participate in the hearing by telephone, especially as his fee waiver in this case should qualify

---

[1] The undersigned observes that the unauthenticated, undated and unsigned partial copy of the "Notice of Ruling" provided by plaintiff does not so state or, if it does, the statement is blacked out on the copy provided.   However, defendants have provided what is evidently a copy of the "Notice of Ruling" without the redaction, as Exhibit K, which shows the phrase identified by plaintiff.

2

him for free services from Court Call." Exh. B to Complaint.

Motion to Dismiss

Defendants move for dismissal, pursuant to Fed. R. Civ. P. 12(b)(6), on the ground that plaintiff fails to state a claim upon which relief could be granted. Specifically, defendants aver that plaintiff's allegation of a violation of his First Amendment right to access the courts does not state a claim where plaintiff did not suffer the requisite actual injury because the underlying lawsuit had no basis in law. Notice of Motion to Dismiss (MTD), p. 1.

          Legal Standard for Motion to Dismiss.

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

\\\\\

1        The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

       A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

       Request for Judicial Notice

       Defendants ask the court to take judicial notice of a number of exhibits submitted with their motion to dismiss. See Shah v. County of Los Angeles Dept. of Health Services, et al., 2008 WL 2676533 *4 n. 9 (C.D. Cal. July 1, 2008) (Under Fed.R.Evid. 201, a court may take judicial notice of 'matters of public record,'" quoting Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir.1986)). On a motion to dismiss under Rule 12(b)(6), while a district court's consideration of evidence outside pleadings "normally" converts the motion into one under Fed. R. Civ. P. 56, "[a] court may...consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." U.S. v. Ritchie, 342 F.3d 903, 907-908 (9th Cir. 2003). A court may take judicial notice of court records. See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980). The court therefore takes judicial notice of the court records submitted by defendants as exhibits.

\\\\\

\\\\\

Right of Court Access

> Under the First and Fourteenth Amendments to the Constitution, state prisoners have a right of access to the courts. <u>Lewis v. Casey</u>, 518 U.S. 343, 346, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). "[A]ccess to the courts means the opportunity to prepare, serve and file whatever pleadings or other documents are necessary or appropriate in order to commence or prosecute court proceedings affecting one's personal liberty." Id. at 384, 116 S.Ct. 2174 (quoting <u>Hatfield v. Bailleaux</u>, 290 F.2d 632, 637 (9th Cir.1961)). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." <u>Bounds v. Smith</u>, 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).

<u>Phillips v. Hust</u>, 477 F.3d 1070, 1075-1076 (9th Cir. 2007)

To frame a denial of a right of access to the courts claim, plaintiff must allege the requisite "actual injury" necessary to support a claim for denial of access to the courts under the First Amendment. <u>Lewis v. Casey</u>, 518 U.S. at 351-53, 355, 116 S. Ct. 2174 (prisoner must allege actual injury). The court held that before a denial of access to the courts claim can go forward, an inmate must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." <u>Id.</u> Accordingly, before a claim of denial of access to the courts can proceed, an inmate must demonstrate that he was precluded or thwarted in his efforts to present a legally or factually arguable claim to the courts. "In order to establish actual injury, the inmate must demonstrate that official acts or omissions 'hindered his efforts to pursue a [nonfrivolous] legal claim.'" <u>Phillips v. Hust</u>, 477 F.3d at 1076, quoting <u>Lewis v. Casey</u>, <u>supra</u>, at 351, 353, 353, 116 S.Ct. 2174 n. 3. To prove a violation of this right, an inmate must demonstrate "actual injury," in that there was a specific instance in which he was denied access to the courts. <u>Lewis v. Casey</u>, 518 U.S. 343, 348, 116 S.Ct. 2174, 2181-82 (1996). "The injury requirement is not satisfied by just any type of frustrated legal claim;" the Supreme Court has stated that prisoners have a right to access to the courts only in relation to direct appeals from the convictions for which they were incarcerated, habeas petitions or civil rights actions challenging the conditions of their confinement. <u>Casey</u>, 518 U.S. at 354-55, 116 S.Ct. 2174.

Plaintiff must also demonstrate that defendants' acts or omissions were the proximate, or foreseeable, cause of his inability to proceed with his claim. Phillips, supra at 1077. "The Constitution requires that prison officials make it possible for inmates to prepare, file, and serve pleadings and other documents essential for pleading their causes. Lewis, 518 U.S. at 346, 116 S.Ct. 2174." Phillips, supra, at 1077.

### Argument/Discussion

Defendants raise several grounds to support their contention that plaintiff fails to state a claim: 1) plaintiff's claim does not fall within the classes of cases protected by the First Amendment; 2) plaintiff was permitted to present a claim, the only right for which he has protection in bringing a claim under the First Amendment; 3) plaintiff cannot show that his underlying lawsuit was "nonfrivolous" absent a finding that the final state court judgment was incorrect; and 4) plaintiff failed to comply with the California Tort Claims Act in bringing the underlying action against a state agency or employee acting within the scope of their employment. Defendants seek dismissal of this case with prejudice. MTD, p. 3.

First of all, plaintiff's claim does not qualify as one for which access to the courts is required. As defendants Exhibit B demonstrates, and for which the court takes judicial notice, plaintiff is attempting to sue his criminal lawyers for malpractice on a variety of theories. This garden variety tort action is not a direct or collateral attack on the conviction, nor is it a civil rights action. Plaintiff was not federally entitled to court access.

This federal complaint about inadequate access to the state court should be dismissed for this above reason alone. Moreover, the action under state law is frivolous. A legal malpractice action, no matter how much divided into separate tort theories, against one's criminal attorney cannot go forward unless plaintiff has been relieved of his criminal conviction. Coscia v. McKenna & Cuneo, 25 Cal. 4th 1194, 108 Cal. Rptr. 2d 471 (2001). Such has not happened or been alleged. Again, as a consequence of his present, valid conviction, plaintiff has suffered no cognizable legal injury by his alleged denial of oral argument opportunities on a suit

for legal malpractice.

### Conclusion

Accordingly, the court must recommend dismissal of this action with prejudice. Although generally leave to amend a complaint which has been dismissed should be freely granted, Fed. R. Civ. P. 15(a), leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir.1986). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Noll, 809 F.2d 1446, 1448 (quoting Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (per curiam)); accord Eldridge v. Block, 832 F.2d 1132, 1135-36 (9th Cir.1987). Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.")

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss, filed on January 28, 2008 (# 18), be granted, and this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

1 shall be served and filed within ten days after service of the objections.  The parties are advised
2 that failure to file objections within the specified time may waive the right to appeal the District
3 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
4 DATED: 07/22/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009haye0721.mtd